{¶ 45} I concur with the majority's disposition of Mother's first and second assignments of error. Although I concur in the majority's decision to overrule Mother's third assignment of error, I do so for different reasons. The trial court erred by failing to appoint counsel for the children because it had an affirmative duty under Juv.R. 4(B) and R.C.2151.352 to do so.
 {¶ 46} "An appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant. When parents and their children who are not in the parents' custody seek the same outcome, e.g., reunification, an error that is prejudicial to the children's interests in that outcome is similarly prejudicial to the parents' interests. Thus, the parents would have standing to raise such an error." In re Moody (June 28, 2001), 4th Dist. Nos. 00CA5 and 00CA6.
 {¶ 47} Mother has failed to demonstrate on the record that the children desired to be reunited with her or that they otherwise wished the same outcome that Mother did. Consequently, Mother has failed to demonstrate that the trial court's error in failing to appoint counsel was prejudicial to her rights. Therefore, Mother failed to demonstrate reversible error and I would overrule her third assignment of error for that reason.